UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RANDOLPH MOYE,<br><br>                           Plaintiff,<br><br>         v.<br><br>WAL-MART STORES, INC., a foreign corporation, d/b/a WAL-MART SUPERCENTER #3351, a Nevada Corporation, DOES I through X, and ROE BUSINESS ENTITIES, inclusive.<br><br>                           Defendants. | Case No. 2:15-cv-00161-RFB-VCF<br><br>**ORDER**<br><br>Motion for Summary Judgment (ECF No. 18) and Motion to Remand (ECF No. 21). |

## I.   INTRODUCTION

Plaintiff initiated proceedings for this lawsuit by filing their Complaint in state court on November 24, 2014 alleging three causes of action based on incidents occurring on or around May 8, 2013. Plaintiff's Complaint named the defendants as "Wal-Mart Stores, Inc., a foreign corporation, d/b/a Wal-Mart Supercenter # 3351, a Nevada Corporation, Does I through X and Roe Business Entities, inclusive[.]" ECF No 1, Ex. 2 at 2. Service of process occurred on or about December 29, 2014. ECF No. 1 at 1. On January 28, 2015 Defendant petitioned the United States District Court for removal based on diversity jurisdiction and the petition was granted. ECF No 1 at 1. On August 28, 2015 the Defendant filed a Motion for Summary Judgement (ECF No. 18). On November 30, 2015 Plaintiff filed a Motion to Remand the case to state court (ECF No. 21). For the reasons discussed below, the Court hereby grants Plaintiff's Motion to Remand (ECF No. 21) and denies the Defendant's Motion for Summary Judgment (ECF No. 18) as moot.

## II. BACKGROUND

Plaintiff alleges that he purchased and consumed pre-prepared chicken and potato salad from Wal-Mart Supercenter # 3351, "owned and operated by the Defendant," on or around May, 8 2013. ECF No. 1, Ex. 2 at 4. Plaintiff's Complaint alleges that the food products were contaminated and that after consuming them he "felt nauseous and began vomiting as well as urinating and defecating on himself." ECF No. 1, Ex. 2 at 4. Plaintiff's Complaint alleges that the sickness caused him to seek treatment at Centennial Hills Hospital where he was diagnosed with gastroenteritis. ECF No. 1, Ex. 2 at 4. Plaintiff alleges that his injuries were the result of consuming contaminated food sold to him by the Defendant. ECF No. 1, Ex. 2 at 4. Plaintiff's Complaint alleges three causes of action: 1) Product liability, 2) Negligence, and 3) Breach of Implied warranty. ECF No. 1, Ex. 1 at 5-7.

## III. LEGAL STANDARD - REMOVAL

The Court "strictly construe[s] the removal statute against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Federal jurisdiction must be rejected if there is "any doubt as to the right of removal in the first instance." Id., at 566 (internal quotes and citations omitted). "Diversity jurisdiction is established statutorily: '[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [diverse parties.]" 28 U.S.C. § 1332(a). However, section 1332 is "to be strictly construed," and any doubts about whether the Court has diversity jurisdiction should be resolved against finding jurisdiction. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1092 (9th Cir. 1983); see Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) ("Removal and subject matter jurisdiction statutes are strictly construed."). Additionally, the Court must remand a case if at "any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]" 28 U.S.C. § 1447.

## IV. DISCUSSION

When evaluating diversity jurisdiction, the Court makes its determination based on the "examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Additionally, "[i]n consideration of "[t]he 'strong presumption' against removal jurisdiction…the defendant always has the burden of establishing that removal is proper." Gaus, 980 F.2d at 566. Further, "[i]f it is *unclear* what amount of damages the plaintiff has sought then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." Gaus, 980 F.2d at 566-67 (emphasis in the original) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)).

The Defendant advances two arguments in opposition to the Motion to Remand. First, the Defendant alleges that the face of the Complaint establishes that the damages sought are in excess of $80,000 plus attorney's fees and diversity of citizenship exists. Second, the Defendant argues that granting the Plaintiff's Motion to Remand at this stage of the proceedings is untimely and prejudicial to the Defendant. ECF No. 22. The Defendant correctly observes that the Plaintiff's Motion to Remand comes several months after the Defendant filed its motion for removal. ECF No. 22 at 3-5. The Defendant alleges that a remand at this stage would be prejudicial to the Defendant and would reward the Plaintiff's forum shopping. ECF No. 22 at 7. However, the Defendant does not cite to any case law in support of the assertion that the Court should deny a properly filed Motion to Remand because granting the motion would be prejudicial to the Defendant. ECF No. 22. In support of Defendant's Opposition to Plaintiff's Motion to Remand the Defendant attaches the Plaintiff's Complaint (ECF No. 22, Ex. 1) and the summons for the service in state court (ECF No. 22, Ex. 2). The Court first addresses diversity of parties.

**A.  Diversity Jurisdiction Does Not Exist**

    **1.  Diversity of Parties**

District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different State[s]." 28 U.S.C. § 1332. Diversity cases present three removal

1    scenarios "1) the case clearly is removable on the basis of jurisdictional facts apparent from the
2    face of the complaint, i.e., complete diversity of citizenship; 2) the case clearly is not removable
3    on the basis of jurisdictional facts apparent from the face of the complaint, i.e., lack of complete
4    diversity; or 3) it is unclear from the complaint whether the case is removable, i.e., the citizenship
5    of the parties is unstated or ambiguous." Harris, 425 F.3d at 692-93.

6    It is statutorily established that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. 1332(a)(1). For the purposes of diversity jurisdiction a corporations "principal place of business is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities …its nerve center… [a]nd in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination[.]" Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010) (internal quotations omitted). Additionally, in accordance with 28 U.S.C. §1447(b), the Court does not consider the citizenship of defendants sued under fictitious names when evaluating diversity jurisdiction. 28 U.S.C. §1447(b) ("the citizenship of defendants sued under fictitious names shall be disregarded").

**a. Application**

As stated above, the Court does not consider the citizenship of parties sued under fictitious names for diversity purposes. All but one Defendant are identified under fictitious names on the face of the complaint. ECF No. 1, Ex. 2 at 2. The Plaintiff identifies as defendants "Wal-Mart Stores, Inc., a foreign corporation, d/b/a Wal-Mart Supercenter # 3351, a Nevada Corporation, Does I through X and Roe Business Entities, inclusive[.]" ECF No. 1, Ex. 2 at 2. Wal-Mart Supercenter is a defendant sued under a fictitious name, as indicated by the d/b/a ("doing business as") preceding its name on the face of the complaint. ECF No. 1, Ex. 2 at 2. Doe I through X and Roe Corporation I-X are unknown and unidentified potential persons and they are considered fictitious for the purposes of this analysis. Id. Consequently, after having identified the defendants sued under fictitious names, the only defendant whose citizenship may be considered is Wal-Mart Stores Inc. See generally, 28 U.S.C. §1447(b).

- 4 -

The Court finds that the Defendant has made sufficient pleadings to show that there is complete diversity of citizenship between the Plaintiff and the Defendant. ECF No. 22 at 3-5. In order to prove complete diversity the Defendant must make sufficient pleadings to show that no Plaintiff and Defendant share citizenship in any state. See 28 U.S.C. § 1332. Defendant alleges the face of the complaint establishes that Plaintiff is resident of the state of Nevada. ECF No. 22 at 3-5. Further, Defendant argues that for the purposes of 28 U.S.C. § 1332 Wal-Mart Stores Inc. is a citizen of the Delaware and Arkansas. ECF No. 22 at 3-7. In support of this argument Defendant asserts that Wal-Mart Stores Inc. is incorporated in Delaware and has its principle place of business in Arkansas. Id. The Court finds that the Defendant makes sufficient pleadings to establish that the Plaintiff and the Defendant do not have any citizenship in common. For the reasons discussed above, the Court finds that the Defendant has shown that complete diversity of citizenship exists.

**2.    Defendant Fails To Satisfy Amount In Controversy**

Removal jurisdiction in diversity cases is also controlled by statute, 28 U.S.C. § 1446(c): "(2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that: (A) the notice of removal may assert the amount in controversy if the initial pleading seeks (i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c).

The plaintiff's claim about the amount in controversy usually controls and the amount is generally taken from the pleadings. Crum v. Circus Circus Enterprises, 231 F.3d 1129, 1131 (9th Cir. 2000) ("[t]he sum claimed by the plaintiff controls so long as the claim is made in good faith.") ; accord Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010). Additionally, the amount of the claim is measured at the time of the complaint, and neither defenses disclosed in the complaint nor events occurring after the institution of suit

1 preclude, by reducing the amount recoverable below $75,000, federal jurisdiction. Geographic
2 Expeditions, 599 F.3d at 1108. Further, "[i]f it is *unclear* what amount of damages the plaintiff has
3 sought then the defendant bears the burden of actually proving the facts to support jurisdiction,
4 including the jurisdictional amount. Gaus, 980 F.2d at 566-67 (9th Cir. 1992) (emphasis in the
5 original) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, (1936)).

### a. Application

After reviewing the relevant material, the Court finds that the Defendant has failed to support their assertion that the amount in controversy exceeds $75,000.

The Plaintiff's Complaint alleges three causes of action: Products Liability, Negligence, and Breach of Implied Warranty. ECF No. 1, Ex. 2 at 5-7. In Plaintiff's first cause of action for Products liability the Complaint alleges $10,000 in general damages for pain and suffering, and $10,000 special damages incidental to medical treatment and missing work as a result of his sickness. Id. at 5. In Plaintiff's second cause of action for Negligence the Complaint alleges $10,000 in general damages for pain and suffering, and $10,000 special damages incidental to medical treatment and missing work as a result of his sickness. Id. at 6. In Plaintiff's third cause of action for Breach of Implied warrant the Complaint alleges $10,000 in general damages for pain and suffering, and $10,000 special damages incidental to medical treatment and missing work as a result of his sickness. Id. at 7. The Plaintiff also requests attorney's fees for the cost of this litigation on all three causes of action. ECF No. 1, Ex. 2 at 5-7. Plaintiff's Complaint identifies general damages of $10,000 and special damages of $10,000 in the facts section of their complaint and again in the conclusion (not titled as such). ECF No. 1, Ex. 2 at 4, 8. However, the Complaint is not clear as to whether the $10,000 general and $10,000 special referenced in the facts section and the conclusion are asking for separate damages from those alleged in the causes of action. ECF No. 1, Ex. 2. Therefore, the Court construes that the Complaint is ambiguous with regard to the amount of damages sought.

Any doubts about whether the Court has diversity jurisdiction should be resolved against finding jurisdiction and "[i]f it is *unclear* what amount of damages the plaintiff has sought then the defendant bears the burden of actually proving the facts to support … the jurisdictional

- 6 -

amount." Kantor, 704 F.2d at 1092; Gaus, 980 F.2d at 566-67 (emphasis in the original). The Court must decide against finding federal jurisdiction if there is "any doubt as to the right of removal in the first instance." Gaus, 980 F.2d at 566 (internal quotes and citations omitted). The Defendant argues that the Complaint alleges general damages in excess of $40,000, specific damages in excess of $40,000, attorney's fees, for a total in excess of $80,000 in damages and cites the face of the complaint in support of their assertion. ECF No. 22 at 3-5. Defendant offers no facts supporting removal jurisdiction other than the Complaint itself, which the Court finds to be ambiguous with regard to the amount in controversy. Therefore, the Court finds the Defendant has not satisfied their "burden of actually proving the facts to support jurisdiction." Gaus, 980 F.2d at 566-67. Accordingly, the Court finds that the Defendant has not resolved the Court's doubts regarding the amount in controversy, and in keeping with Gaus the Court must resolve its doubts against finding subject matter jurisdiction. Id at 566. Consequently, the Court finds the amount in controversy to be less than the statutorily required minimum and the Court must grant the Plaintiff's Motion to Remand because the Court lacks subject matter jurisdiction.

**B. Prejudice To Defendant Not Controlling Factor**

While the Court acknowledges discovery has closed and the Motion to Remand comes several months after the case was removed from state court, the Court is obligated to remand a case if at "any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]" 28 U.S.C. § 1447. The Defendant's argument that remanding the case would be prejudicial to the Defendant and reward forum shopping does not overcome the finding that the Court lacks subject matter jurisdiction.  Further, the Defendant does not support their argument with any statutory law or case law capable of impacting this Court decision on the matter. ECF No. 22 at 5-7. In accordance with 28 U.S.C. § 1447, the Court must remand this matter because it lacks subject matter jurisdiction.

**V.   CONCLUSION**

For the reasons stated above,

- 7 -

1  **IT IS ORDERED** that the Plaintiff's Motion to Remand (ECF No. 21) is hereby
2  **GRANTED** and the Defendant's Motion for Summary Judgment (ECF No. 18) is **DENIED as**
3  **moot**.  The case is remanded to the Eighth Judicial District Court of Nevada, Case Number A-14-
4  710269-C.
5      DATED the 31st Day of March 2016.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE